(153 App. Div. 367.)

### FAULS v. FAULS.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

1. DIVORCE (§ 269*)—ALIMONY—FAILURE TO PAY—PUNISHMENT FOR CONTEMPT.
   Defendant was ordered to pay alimony pendente lite from December 16, 1911, which he did until February 17, 1912. When the case was reached for trial on March 22, 1912, plaintiff did not appear, and the case was dismissed and judgment of dismissal was entered on April 5th. About May 15th the case was restored to the trial calendar. The dismissal was due to defendant's refusal to approve an agreement that the case should be marked off of the trial calendar, which refusal was communicated to plaintiff's attorney too late for him to prepare for trial. *Held*, that defendant should not be punished for contempt for failure to pay alimony from the entry of the judgment of dismissal to the restoration of the case for trial, but was liable to pay alimony up to the judgment of dismissal and after the restoration of the case for trial.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. § 269.*]

2. APPEAL AND ERROR (§ 934*)—PRESUMPTIONS—REPORT OF JUDGMENT.
   It must be assumed on appeal that the judgment was properly made and entered, in absence of a showing in the record to the contrary.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

Appeal from Special Term, Kings County.

Action by Annie Fauls against Thomas Fauls. From an order denying a motion to commit defendant for contempt for failure to pay alimony pendente lite, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

David F. Price, of Brooklyn, for appellant.
Richard A. Rendich, of Brooklyn, for respondent.

PER CURIAM. This appeal is from an order of the Special Term that denies a motion to commit the defendant for contempt for failure to pay alimony pendente lite in an action against him for limited divorce.

[1] The defendant was ordered to pay alimony from December 16, 1911, and he obeyed until February 17, 1912. The defendant's affidavits show that on March 22, 1912, when the cause was reached for trial, the plaintiff did not appear, that the case was dismissed, formal judgment of dismissal was entered on April 5, 1912, and "on or about the 15th day of May, 1912, the said case was restored to the calendar for trials." The plaintiff's affidavits are silent upon these incidents. The defendant's affidavits indicate that the dismissal was due to the refusal of the defendant to approve an agreement between the attorneys that the case should be marked off of the trial calendar; that such refusal was made and made known to the plaintiff's attorney at a time too late for him to be ready for trial and after he had made other engagements; and that the court, although apprised of the situation by the defendant's attorney in accord with his agreement with his opponent to state the circumstances to the court, dismissed the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff. We may surmise that there was no lack of good faith, but that the course taken was due to the insistence of the defendant. It does not appear by what procedure the case "was restored to the calendar for trials." We cannot infer that it was upon consent from the expression in the defendant's affidavit, "but at no time as deponent is informed and verily believes same to be true has there ever been consented to or an order entered reinstating the order, directing deponent to pay the plaintiff alimony." If the case was restored to the calendar for trials, the action is pending, and either the judgment of dismissal has been opened or has been vacated. In either event, in the absence of any direct disposition upon the subject, we think that the order for alimony pendente lite must be regarded as in full force and effect at and after the time of the restoration of the case for trial. But the question presented involves the period that intervened the entry of the judgment of dismissal and the restoration of the case for trial.

[2] We should assume that the judgment was properly made and entered, and that the restoration of the case for trial was an act of favor to the plaintiff. We do not think that under the circumstances the omission of the defendant to pay the alimony during the said period was a contempt. He had the right to assume that such an order fell with the judgment of dismissal. It does not appear that the judgment was either void or was a mere nullity, or that it was procured by any misconduct of the defendant. We think that the defendant was liable under the order and still is liable up to the time of the entry of the judgment, and that there is also such liability subsequent to the restoration of the case for trial.

The order is reversed, without further expression upon the merits, and the matter is remitted to the Special Term, without costs of this appeal to either party.